PROB 12C
(Revised 05/2011)

# United States District Court
## for
## Middle District of Tennessee

## Superseding Petition for Summons for Offender Under Supervision
## [Supersedes Petition Filed as Docket Entry 66]

Name of Offender: <u>Mark Parrish</u>  Case Number: <u>3:06-00226</u>

Name of Judicial Officer: <u>Honorable Aleta A. Trauger, U.S. District Judge</u>

Date of Original Sentence: <u>October 25, 2007</u>

Original Offense: <u>18 U.S.C. § 922(g)(1) and § 924  Convicted Felon in Possession of Ammunition</u>

Original Sentence: <u>77 months' custody and three years' supervised release</u>

Type of Supervision: <u>Supervised release</u>  Date Supervision Commenced: <u>May 8, 2015</u>

Assistant U.S. Attorney: <u>Brent A. Hannafan</u>  Defense Attorney: <u>Isaiah S. Gant</u>

---

### PETITIONING THE COURT

<u>X</u>  To Consider Additional Violations/Information.
___ To issue a Summons.
___ To issue a Warrant.

---

**THE COURT ORDERS:**
☐ No Action
☒ The Consideration of Additional Violations/Information.
☐ The Issuance of a Warrant:
  ☐ Sealed Pending Warrant Execution
    (cc: U.S. Probation and U.S. Marshal only)
☐ The Issuance of a Summons.
☐ Other

Considered this 16th day of Oct, 2015,
and made a part of the records in the above case.

Aleta A. Trauger
U.S. District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

Amanda Michele
U.S. Probation Officer

Place  Nashville, TN

Date  October 15, 2015

# ALLEGED VIOLATIONS

The information provided in the previous petition, filed as docket entry 66, has been amended as follows:

<u>Violation No. 5</u> - has been updated to inform the Court of Mr. Parrish's failure to report for drug testing.

<u>Violation No. 6</u> - has been added to inform the Court of Mr. Parrish's failure to notify the probation officer of his change in residency.

<u>Violation No. 7</u> - has been added to inform the Court of Mr. Parrish's failure to answer truthfully to all inquires by the probation officer.

The probation officer believes that the offender has violated the following conditions of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1.** | **The defendant shall refrain from any unlawful use of a controlled substance.** |

Mr. Parrish tested positive for cocaine on July 6, 2015.

When questioned by the probation officer, Mr. Parrish initially denied using the illegal drug, but admitted to being around friends over the July 4th weekend who were "having fun" and smoking crack. When questioned further on July 14, 2015, Mr. Parrish reported he was given crack cocaine from a friend, while in residency at the halfway house. He admitted to using the illegal drug with a female friend on July 4th.

**2.**     **The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer.**

On September 3, 2015, Mr. Parrish was stopped for a traffic violation. According to police, he was the driver of a Buick Century with a female passenger, Kristie Lynn Coroligh. Officers observed a white residue throughout the front of the vehicle which field-tested positive for cocaine. Ms. Coroligh had a white rock in her lap and a small bag containing crack cocaine as well, totaling 0.6 grams. She claimed all the cocaine in the vehicle belonged to her and was subsequently issued citations for Unlawful Use of Drug Paraphernalia and Simple Possession or Casual Exchange. Mr. Parrish was issued a citation for Driving on a Revoked License.

When questioned by the probation officer, Mr. Parrish reported he was in a dating relationship with Ms. Coroligh. He stated when he picked her up to drive her to another location, he asked if she had anything on her person, meaning drugs. Ms. Coroligh told him that she did and even knowing that, Mr. Parrish allowed her in his vehicle.

On September 14, 2015, the probation officer called Mr. Parrish to inquire his law enforcement contact over the weekend (noted below in Violation #3). A female answered his cellular phone and, when questioned if the female was Kristie Lynn Coroligh, Mr. Parrish admitted that it was. He reported he was "involved" with Ms. Coroligh and would continue to see her, despite the probation officer's instruction to not associate with any persons engaged in criminal activity.

**3.**  **The defendant shall not commit another federal, state, or local crime.**

Since beginning supervision in May 2015, Mr. Parrish has been issued citations for Driving on Revoked License, on four separate occasions, in Davidson County, Tennessee.

| | |
|---|---|
| June 3, 2015 | dismissed on September 8, 2015, costs to defendant |
| September 3, 2015 | dismissed on September 28, 2015 |
| September 5, 2015 | dismissed on September 28, 2015 |
| September 12, 2015 | next court hearing set for December 14, 2015 |

When questioned by the probation officer as to why he continues to drive without a valid license, Mr. Parrish reports he needs to be able to get back and forth to work.

**4.**  **The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.**

The probation officer has repeatedly instructed Mr. Parrish to not drive without a valid license. As noted above in Violation # 3, he continues to do so.

**5.**  **The defendant shall participate in a program of drug testing and substance abuse treatment which may include a 30-day inpatient treatment program followed by up to 90 days in a residential reentry center at the direction of the U.S. Probation Office.**

Mr. Parrish failed to attend substance abuse treatment on the following occasions:

August 19, 2015
September 9, 2015

Mr. Parrish failed to report for a random drug test on October 9, 2015. When questioned by the probation officer, Mr. Parrish could provide no explanation as to why he did not report.

**6.**  **The defendant shall notify the probation officer at least 10 days prior to any change in residence or employment.**

Mr. Parrish failed to notify the probation officer when he decided, on October 8, 2015, to not continue his residency at Matthew 25, in Nashville, Tennessee.

It was not until October 13, 2015, while addressing the missed drug test noted in Violation #5, that Mr. Parrish informed the probation officer of his change in residency. He reported he had been living at the Nashville Rescue Mission since October 8, 2015.

**7.**  **The defendant shall answer truthfully all inquires by the probation officer and follow the instructions of the probation officer.**

On October 13, 2015, when questioned as to Violation #6, Mr. Parrish reported he was "kicked out" of Matthew 25 due to not providing sufficient funds for his residency.

> The probation officer contacted his case manager, Sonya Johnson, and was informed that Mr. Parrish called her, after his revocation hearing on October 8, 2015, and asked if he could pay them $250, instead of $300, that same day. Mr. Parrish was told he would have to pay $300, due to his prior statement to Ms. Johnson, that he had $500 in a personal checking account. Mr. Parrish advised he would be there that day to pay the $300 but he never returned to the facility. Ms. Johnson stated Mr. Parrish was never "kicked out" and they were working with him, but he would be required to save and work the program as other residents do.
>
> Additionally, the probation officer contacted the Nashville Rescue Mission to inquire about Mr. Parrish's residency status since October 8, 2015. The probation officer was informed that he had not stayed at their facility since August 5, 2015. When questioned regarding this information, Mr. Parrish was adamant his residency was at the Mission, regardless of what "they" told the probation officer.

## Compliance with Supervision Conditions and Prior Interventions:
Mark Parrish is employed and reportedly living at the Nashville Rescue Mission, in Nashville, Tennessee. Mr. Parrish began his term of supervised release on May 8, 2015, and his supervision is due to terminate on May 7, 2018.

Following his release from custody in May 2015, the probation officer immediately referred Mr. Parrish to Centerstone Mental Health in Madison, Tennessee, for a substance abuse assessment. He participated in that assessment on May 20, 2015, and his therapist did not recommend treatment at that time.

A report was submitted to the Court on July 28, 2015, regarding Mr. Parrish's violations of testing positive for cocaine and his failure to notify the probation officer of his change in residence. The probation officer re-instructed Mr. Parrish to not use any illegal substances and warned him of the possible negative ramifications such as revocation of supervision, inability to maintain employment, and the negative impact it would have on life. Mr. Parrish's random drug testing was increased and he was immediately referred back to Centerstone Mental Health for weekly outpatient substance abuse treatment. The Court ordered no action on July 28, 2015.

A petition was submitted to the Court on September 11, 2015, regarding Mr. Parrish's violations of testing positive for cocaine, associating with an individual engaged in criminal activity, three charges of Driving on a Revoked License, failing to follow the instructions of the probation officer, and failing to attend substance abuse treatment. Your Honor ordered the issuance of a summons on September 11, 2015, and Mr. Parrish was ordered to appear at the U.S. Marshal's Office on or before September 28, 2015. Mr. Parrish appeared on his summons on September 22, 2015, and was released to the same conditions of supervised release, pending his revocation hearing.

A superseding petition was submitted to the Court on October 6, 2015, regarding Mr. Parrish's additional Driving on Revoked License charge, dispositions for the three prior Driving on Revoked License offenses, and his continued association with an individual involved in criminal activity. The Court ordered the consideration of additional violations/information on October 6, 2015.

On October 8, 2015, Mr. Parrish appeared before Your Honor for his revocation hearing and pled guilty to Violations #1-5. His hearing was rescheduled for October 26, 2015, to allow Mr. Parrish time to get a financial plan in place with his employer to remain in residency at Matthew 25. In regard to Violation #2, Mr. Parrish was ordered to have no contact with Ms. Kristie Colorigh, but could communicate with her via telephone.

In regard to his living situation, the probation officer has met with Mr. Parrish on multiple occasions in an effort to help him find affordable housing. He was provided a list of affordable halfway houses in the Davidson County area and he put in multiple applications for consideration. Mr. Parrish is working full-time and admits he has not been saving his money properly in order to obtain permanent residency.

**Mr. Parrish has been drug tested on ten separate occasions since his positive drug test in July 2015 and all results have been negative.**

**Update of Offender Characteristics:**
Mr. Parrish is no longer living at Matthew 25, in Nashville, Tennessee. His current address is unknown.

**U.S. Probation Officer Recommendation:**
**Given that Mr. Parrish's current address and status are unknown to the probation officer, it is respectfully recommended that these additional violations be considered at his revocation hearing currently set for October 26, 2015.** Assistant U.S. Attorney Brent Hannafan has been advised of the offender's noncompliance and concurs with the recommendation.

Approved: _____
Britton Shelton
Supervisory U.S. Probation Officer

Petition for Warrant or Summons for
Offender Under Supervision

Page 6

## SENTENCING RECOMMENDATION
### UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. MARK PARRISH, CASE NO. 3:06-00226

**GRADE OF VIOLATION:** C
**CRIMINAL HISTORY:** VI

**ORIGINAL OFFENSE DATE:** POST APRIL 30, 2003   PROTECT ACT PROVISIONS

|  | Statutory Provisions | Guideline Provisions | Recommended Sentence |
|---|---|---|---|
| CUSTODY: | 2 years (Class C Felony) 18 U.S.C. § 3583(e)(3) | 8-14 months U.S.S.G. § 7B1.4(a) | 9 months |
| SUPERVISED RELEASE: | 3 years less any term of imprisonment 18 U.S.C. § 3583(h) | 1-3 years U.S.S.G. § 5D1.2(a)(2) | 1 year; first 6 months at halfway house |

18 U.S.C. § 3583(e)(3) The Court may revoke a term of supervised release and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the offender violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment that is less than the maximum term of imprisonment authorized under subsection (e)(3), the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

**Guideline Policy Statements:** Upon a finding of a Grade C violation, the Court may (A) revoke probation or supervised release; or (B) extend the term of probation or supervised release and/or modify the conditions of supervision. U.S.S.G. § 7B1.3(a)(2).

Respectfully Submitted,

*(signature)*
Amanda Michele
U.S. Probation Officer


Approved: *(signature)*
Britton Shelton
Supervisory U.S. Probation Officer

LF021
REV 05/01

# VIOLATION WORKSHEET

1. **Defendant**  Mark Parrish

2. **Docket Number** *(Year-Sequence-Defendant No.)*   0650 3:06CR00226 - 1

3. **District/Office**  Middle District of Tennessee - Nashville

4. **Original Sentence Date**  10 / 25 / 2007
                                          month   day   year

5. **Original District/Office** *(if different than above)*

6. **Original Docket Number** *(Year-Sequence-Defendant No.)*

7. **List each violation and determine the applicable grade (see §7B1.1):**

| Violation(s) | Grade |
|---|---|
| Shall refrain from any unlawful use of a controlled substance. | C |
| Shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission | C |
| Shall not commit another federal, state, or local crime. | C |
| Shall answer truthfully all inquiries by the probation officer. | C |
| Shall participate in a program of drug testing and substance abuse treatment. | C |
| Shall notify the probation officer at least 10 days prior to change in residency. | C |
| Shall answer truthfully all inquiries by the probation officer. | C |

8. **Most Serious Grade of Violation** *(see §7B1.1(b))*       C

9. **Criminal History Category** *(see §7B1.4(a))*       VI

10. **Range of Imprisonment** *(see §7B1.4(a))*       8 - 14 months

11. **Sentencing Options for Grade B and C Violations Only** *(Check the appropriate box):*

☐ (a) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is at least one month but not more than six months, §7B1.3(c)(1) provides sentencing options to imprisonment.

☒ (b) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than six months but not more than ten months, §7B1.3(c)(2) provides sentencing options to imprisonment.

☐ (c) If the minimum term of imprisonment determined under §7B1.4 (Term of Imprisonment) is more than ten months, no sentencing options to imprisonment are available.

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

LF021
REV 05/01

**Defendant** Mark Parrish

12. **Unsatisfied Conditions of Original Sentence**

List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7B1.3(d)):

Restitution($) _____  Community Confinement _____

Fine($) _____  Home Detention _____

Other _____  Intermittent Confinement _____

13. **Supervised Release**

If probation is to be revoked, determine the length, if any, of the term of supervised release according to the provisions of §§5D1.1-1.3 (see §§7B1.3(g)(1)).

Term: _____ to _____ years

If supervised release is revoked and the term of imprisonment imposed is less than the maximum term of imprisonment imposable upon revocation, the defendant may, to the extent permitted by law, be ordered to recommence supervised release upon release from imprisonment (see 18 U.S.C. §3583(e) and §7B1.3(g)(2)).

Period of supervised release to be served following release from _____
imprisonment:

14. **Departure**

List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:

15. **Official Detention Adjustment** (see §7B1.3(e)): _____ months _____ days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002